# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ALICIA D. WILLIS,  
Plaintiff,

Case No. 1:18-cv-158  
Barrett, J.  
Litkovitz, M.J.

vs.

COMMISSIONER OF  
SOCIAL SECURITY,  
Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Alicia D. Willis brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI"). This matter is before the Court on plaintiff's motion to amend (Doc. 13), the Commissioner's response in opposition (Doc. 16), and plaintiff's reply memorandum (Doc. 17).

## I. Background

Plaintiff filed her initial complaint in this matter on March 12, 2018. (Doc. 3). On September 18, 2018, plaintiff filed a motion to amend her complaint to include a constitutional challenge to the appointment of the ALJ who decided her Social Security Disability case. (Doc. 13). Thereafter, on September 26, 2018, the Commissioner filed an unopposed motion to stay this matter to allow the Social Security Administration ("SSA") further time to receive guidance on the Supreme Court's recent decision in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018) and the Sixth Circuit's recent decision in *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669 (6th Cir. 2018) in order to fully respond to plaintiff's motion to amend. (Doc. 14 at 3). On October 2, 2018, the undersigned issued an Order granting in part the Commissioner's unopposed motion to stay proceedings. (Doc. 15). The undersigned stayed this matter for 45 days and ordered the

Commissioner to file a status report within 30 days. (*Id.*). In lieu of a status report, on October 23, 2018, the Commissioner filed a response in opposition to plaintiff's motion to amend, arguing that plaintiff failed to timely assert a constitutional challenge to the ALJ's appointment at the administrative level and therefore forfeited this claim. (Doc. 16). Plaintiff filed a reply memorandum in support of the motion to amend on November 6, 2018. (Doc. 17).

## II. Standard Governing Motions to Amend

Fed. R. Civ. P. 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff wishes to amend the complaint after the 21-day period has expired, she must obtain written consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2).

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

## III. Resolution

Plaintiff moves for leave to amend her complaint pursuant to Rule 15 to include a constitutional challenge to the authority of the ALJ who heard her Social Security disability case. Specifically, plaintiff challenges the constitutional appointment of the ALJ under the United

States Supreme Court's recent decision in *Lucia*, which held that administrative law judges ("ALJs") for the Securities and Exchange Commission are "Officers of the United States" subject to the Appointments Clause of the United States Constitution. *Lucia*, 138 S.Ct. at 2055. Plaintiff alleges that this recent precedent establishes that Social Security ALJs are "inferior officers within the meaning of the Constitution's Appointments Clause" and therefore must be properly appointed according to constitutional requirements. (Doc. 13 at 2). Plaintiff alleges that she did not raise this constitutional issue in her complaint because *Lucia* had not yet been decided. (*Id.*). Plaintiff also maintains that "[t]he fact that she did not raise this issue administratively is of no consequence" under the Supreme Court's decision in *Sims v. Apfel*, 530 U.S. 103 (2000). (*Id.* at 3). Plaintiff also argues that her failure to press the Appointments Clause issue administratively does not amount to a forfeiture of her constitutional claim upon judicial review under the Sixth Circuit's recent decision in *Jones Brothers*. (*Id.*) (citing *Jones Bros. Inc.*, 898 F.3d at 669).

In response, the Commissioner argues that plaintiff's motion to amend should be denied because she failed to assert a "timely challenge to the constitutional validity of the appointment" of the ALJ at any point in the administrative proceedings. (Doc. 16 at 4-5) (citing *Lucia*, 138 S. Ct. at 2055). The Commissioner argues that plaintiff has thus forfeited her Appointments Clause claim. (*Id.*). The Commissioner asserts that a constitutional challenge under the Appointments Clause is "nonjurisdictional" and thus a party forfeits the challenge by failing to raise it. (*Id.* at 5). The Commissioner argues that the Sixth Circuit's recent *Jones Brothers* decision is distinguishable because, unlike the plaintiff in this case, the petitioner in *Jones Brothers* had identified the Appointments Clause issue and the split of authority on the issue during the administrative process. (*Id.* at 7). The Commissioner also argues that Social Security

3

regulations require a plaintiff to raise all issues, including constitutional issues, to the agency at the earliest possible juncture. (*Id.* at 8) (citing 20 C.F.R. §§ 416.1433(a)(2), 416.1439, 416.1440, 416.1446(b)). The Commissioner asserts that plaintiff's reliance on *Sims v. Apfel* is misplaced because the Supreme Court did not explicitly address whether a plaintiff must exhaust issues before the ALJ and post-*Sims* authority holds that if a claimant does not raise an issue to the ALJ, it is forfeited or waived for purposes of federal court review. (*Id.* at 9).

In reply, plaintiff maintains that issue exhaustion is not required at the administrative level in claims for Social Security benefits and if she had raised her Appointments Clause challenge administratively, it would have been futile. (Doc. 17 at 2). Plaintiff again relies on the Supreme Court's ruling in *Sims* and argues that "there is nothing in the Court's ruling, nor any significant difference in the nature of review at the ALJ level versus the Appeals Council level" that suggests issue exhaustion is required. (*Id.* at 4). Plaintiff cites three decisions in the Eastern District of Virginia and one decision in the Eastern District of Pennsylvania issued post-*Lucia* granting leave to amend that provide support for her position that a plaintiff need not have raised the Appointments Clause issue at the administrative level for the issue to be preserved for judicial review. (*Id.* at 5-6). Plaintiff also argues that even if issue exhaustion is required at the ALJ level, courts have found that an exhaustion requirement may be waived if it would be futile. (*Id.* at 7). Plaintiff argues that it would have been futile to present her Appointments Clause challenge to the ALJ because while her claim was pending before the Appeals Council, the SSA's Office of General Counsel issued an emergency message instructing ALJs to acknowledge that an Appointment Clause challenge was raised, but to "not otherwise discuss or make any findings related to the Appointments Clause issue." (*Id.* at 7-8). Likewise, the Appeals Council was instructed not to "acknowledge, making findings related to, or otherwise

4

discuss the Appointments Clause issue." (*Id.* at 8). Plaintiff maintains that this message "unquestionably declared that any Appointments Clause challenges raised administratively would be futile." (*Id.*).

Plaintiff's motion to amend should be denied because she failed to make a "timely challenge to the constitutional validity of the appointment" of the ALJ who adjudicated her claim for Social Security benefits. *See Lucia*, 138 S. Ct. at 2055. Unlike the plaintiff in *Lucia*, the plaintiff in this case did not contest the validity of the ALJ's appointment or even mention the constitutional issue at the administrative level. Most recently, a District Court in the Southern District of Ohio denied a plaintiff's post-*Lucia* motion to amend to add an Appointments Clause challenge, holding that the plaintiff failed to raise the constitutional claim at the administrative level and therefore forfeited that claim. *See Flack v. Comm'r of Soc. Sec.*, No. 2:18-cv-501, 2018 WL 6011147, at *4 (S.D. Ohio Nov. 16, 2018) (Report and Recommendation) (Jolson, M.J.). The Court in *Flack* rejected many of the same arguments that plaintiff articulates in this case to justify why her failure to raise the Appointments Clause challenge during the administrative process should be excused. The undersigned finds the reasoning in *Flack* to be persuasive and instructive in this matter.

First, the Court finds that the Sixth Circuit's recent decision in *Jones Brothers* is distinguishable from this case and does not provide support for excusing plaintiff's failure to raise the constitutional issue at the administrative level. In *Jones Brothers*, the Sixth Circuit applied *Lucia* to an Appointments Clause challenge to the constitutional authority of an ALJ from the Federal Mine Safety and Health Review Commission. 898 F.3d at 679. The Sixth Circuit determined that the plaintiff company forfeited its Appointments Clause challenge by failing to raise a developed argument before the Commission and by pressing the argument for

5

the first time in the Court of Appeals.[1] The Court nevertheless excused this forfeiture because the plaintiff alerted the Commission about a circuit split on the constitutional issue while the case was still at the administrative level. *Id.* at 678. Here, unlike the plaintiff in *Jones Brothers*, plaintiff in this case "failed to make an argument or even note a split of authority pertaining to the appointment of the ALJ at any point in the administrative proceeding." *Flack*, 2018 WL 6011147, at *3 (quoting *Page v. Comm'r of Soc. Sec.*, No. 17-13716, 2018 WL 5668850 (E.D. Mich. Oct. 31, 2018)). *See also Faulkner v. Comm'r of Soc. Sec.*, No. 1:17-cv-01197, 2018 WL 6059403, at *3 (W.D. Tenn. Nov. 19, 2018) (declining to apply *Jones Brothers* and finding that the plaintiff "did nothing to identify his Appointments Clause challenge at any point in the administrative proceedings and ha[d] not shown good cause for his failure to do so"). Plaintiff did not raise the Appointments Clause issue before the ALJ or the Appeals Council; therefore, the undersigned finds that she has forfeited this argument.

Second, the Court finds that plaintiff's interpretation of the Supreme Court's ruling in *Sims* is overly broad and should not be read to excuse plaintiff's failure to raise the Appointments Clause challenge before the ALJ in this case. In *Sims*, the Supreme Court held that "[c]laimants who exhaust administrative remedies need not also exhaust issues in a request for review by the [Social Security] Appeals Council in order to preserve judicial review of those issues." *Sims*, 530 U.S. at 112. The Court explained that "[w]hether a claimant must exhaust issues before the ALJ is not before us." *Id.* at 107. Subsequently, "[c]ourts to have considered the issue [of whether a claimant must exhaust issues before the ALJ] uniformly have concluded that *Sims* should not be read so broadly as to mean that a claimant need not exhaust issues before the ALJ." *Flack*, 2018 WL 6011147, at *3 (collecting cases).

---

[1] The plaintiff company appealed directly to the Sixth Circuit Court of Appeals from the Commission's decision.

6

In addition, post-*Lucia*, several courts have concluded that a plaintiff's failure to raise the Appointments Clause issue before the ALJ results in forfeiture of that claim upon judicial review. *See Flack*, 2018 WL 6011147, at *3; *Page*, 2018 WL 5668850, at *3; *Faulkner*, 2018 WL 6059403, at *3; *Davidson v. Comm'r of Soc. Sec.*, No. 2:16-cv-00102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018); *Salmeron v. Berryhill*, No. CV 17-3927, 2018 WL 4998107, at *3 n.5 (C.D. Cal. Oct. 15, 2018); *Iwan v. Comm'r of Soc. Sec.*, No. 17-cv-97, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018); *Stearns v. Berryhill*, No. C17-2031, 2018 WL 4380984, at *6 (N.D. Iowa Sept. 14, 2018); *Thurman v. Comm'r of Soc. Sec.*, No. 17-cv-35-LRR, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018); *Williams v. Berryhill*, No. 2:17-cv-87, 2018 WL 4677785, at **2-3 (S.D. Miss. Sept. 28, 2018); *Garrison v. Berryhill*, No. 1:17-cv-00302, 2018 WL 4924554, at *2 (W.D. N.C. Oct. 10, 2018). Although plaintiff cites three decisions from the Eastern District of Virginia and one from the Eastern District of Pennsylvania which granted leave to amend post-*Lucia*, the Court is persuaded by the reasoning of cases from the district courts within the Sixth Circuit that a plaintiff forfeits her Appointments Clause challenge by failing to raise it at the administrative level. *See Flack*, 2018 WL 6011147, at *3; *Page*, 2018 WL 5668850, at *3; *Faulkner*, 2018 WL 6059403, at *3; *Davidson*, 2018 WL 4680327, at *2. Accordingly, the Court finds that plaintiff forfeited her Appointments Clause challenge because she failed to present it to the Appeals Council or the ALJ.

Finally, the Court disagrees with plaintiff that it would have been futile for her to present an Appointments Clause challenge to the ALJ. Plaintiff relies on the emergency message issued by the SSA, which instructed ALJs not to make any findings related to the Appointments Clause issue. (Doc. 17 at 7-8). However, "regardless of the memorandum, she still could have raised her Appointments Clause challenge before the ALJ." *Flack*, 2018 WL 6011147, at *4. *See also*

*Stearns*, 2018 WL 4380984, at *4-5 (considering the emergency message from the SSA but ultimately holding that "*Lucia* makes it clear that this particular [Appointments Clause] issue must be raised at the administrative level."). Moreover, a Social Security regulation that pre-dates the issues in this case provides claimants with an expedited appeals process to challenge "a provision in the law that you believe is unconstitutional." 20 C.F.R. § 416.1424(d). "Although the language of the [regulation] appears to refer to facial challenges to a statute, regulation, or rule, it establishes, at a minimum, that the Appeals Council is able to consider constitutional challenges." *Page*, 2018 WL 4668850, at *3 n.6. Thus, the Court is not persuaded that it would have been futile for plaintiff to raise an Appointments Clause challenge during the administrative proceedings in this case.

For the above stated reasons, the Court rejects plaintiff's arguments in support of her motion to amend and finds that it would be futile to allow plaintiff to amend her complaint because she has forfeited her Appointments Clause claim. Accordingly, plaintiff's motion to amend her complaint (Doc. 13) to add an Appointment Clause challenge should be **DENIED**.

Date: 12/6/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALICIA D. WILLIS,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:18-cv-158
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).