# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ALICIA D. WILLIS, | ) |
| Plaintiff, | ) Case No. 1:18-cv-158 |
| vs. | ) Judge Michael R. Barrett |
| COMMISSIONER OF SOCIAL SECURITY, | ) Magistrate Judge Karen L. Litkovitz |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Magistrate Judge's December 6, 2018 Report and Recommendation ("R&R") (Doc. 18), in which she recommends that Plaintiff's motion to amend her Complaint (Doc. 13) be denied. For the reasons that follow, the Court will adopt the R&R.

### I.  BACKGROUND

Plaintiff filed an application for disability benefits on July 24, 2014. (*See* Doc. 9 at PageID 145–50 (Tr. 120–25)). She appeared before an Administrative Law Judge ("ALJ") on September 29, 2016, who subsequently denied her application on February 1, 2017. (*Id.* at PageID 35–51 (Tr. 10–26)). Plaintiff requested review of the ALJ's decision on March 25, 2017, but her request was denied by the Appeals Council on December 27, 2017. (*Id.* at PageID 26–30 (Tr. 1–5)). The decision of the ALJ, therefore, became the final decision of the Commissioner.

Plaintiff was not represented by counsel at the administrative level (*id.* at PageID 38, 139, 142–44 (Tr. 13, 114, 117–19)) or when she filed her Complaint with this Court

on March 2, 2018 (Docs. 3, 3-1).  Counsel entered an appearance on August 13, 2018 (Doc. 11), though, and proceeded to file a motion to amend the Complaint to include a constitutional challenge to the appointment of the ALJ who denied Plaintiff benefits (Doc. 13).

## II.     LEGAL STANDARDS

When objections are received to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see* 28 U.S.C. § 636(b)(1).  Here, Plaintiff has filed timely objections (Doc. 19), to which Defendant has responded (Doc. 20).

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings, and was the standard applied here by the Magistrate Judge.  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).  In deciding, "courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and <u>futility of amendment</u>."  *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citation omitted) (emphasis added).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir.

2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

### III. ANALYSIS

"The Appointments Clause of the Constitution lays out the permissible methods of appointing 'Officers of the United States,' a class of government official distinct from mere employees." *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2049 (2018) (citing U.S. Const. art. II, § 2, cl. 2). ALJs of the Securities and Exchange Commission qualify as such "Officers."[1] *Id.* at 2055. On the authority of *Lucia*, decided after she filed her March 2, 2018 Complaint, Plaintiff moves to amend to include an Appointments Clause challenge.

The Magistrate Judge recommends denial of Plaintiff's motion because Plaintiff failed to make a "timely challenge to the constitutional validity of the appointment" of the ALJ who adjudicated her claim for Social Security benefits." (Doc. 18 at PageID 357 (quoting *Lucia*, 138 S. Ct. at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182–83 (1995)). In contrast to the plaintiff in *Lucia*, Plaintiff Willis failed to contest the validity of the ALJ's appointment "or even mention the constitutional issue" at the administrative level. And, further, the Magistrate Judge disagrees with Plaintiff that it would have been futile to do so there. (*Id.* at PageID 359–60). Thus, Plaintiff's motion to amend should be denied because it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] Only the President, a court of law, or a head of department can appoint an "Officer." *Lucia*, 138 S. Ct. at 2051. There are "principal" and "inferior" officers. *Id.* at 2051 n.3. "Only the President, with the advice and consent of the Senate, can appoint a principal officer; but Congress (instead of relying on that method) may authorize the President alone, a court, or a department head to appoint an inferior officer." *Id.*

Plaintiff raises two objections to the Magistrate Judge's R&R, essentially duplicative of her original arguments.[2] First, Plaintiff contends that the Magistrate Judge erred by finding that issue exhaustion is required in cases involving applications for Social Security benefits. (Doc. 19 at PageID 363–65). Second, Plaintiff claims that the Magistrate Judge's futility analysis is flawed. (*Id.* at PageID 365–66). Having conducted a de novo review, Plaintiff's objections will be overruled.

**A. Issue Exhaustion**

Plaintiff relies on *Sims v. Apfel*, 530 U.S. 103 (2000), for the proposition that issue exhaustion is not required in cases involving applications for Social Security benefits. This Court agrees with the Magistrate Judge, however, that Plaintiff's interpretation of *Sims* is overly broad. In *Sims*, the Supreme Court held that a claimant need not raise an argument <u>at the Appeals Council level</u> in order to preserve the argument for review in the district court. *Id.* at 112. However, the Court in *Sims* did not address the question of whether a claimant must exhaust issues <u>before the ALJ</u>. *Id.* at 107 ("Whether a claimant must exhaust issues before the ALJ is not before us."). *Sims* clearly is not dispositive, and the Court is not persuaded that it should be extended as Plaintiff urges.[3]

Plaintiff cites a report and recommendation from a social security appeal filed in the Eastern District of Pennsylvania for the proposition that "her Appointments Clause

---

[2] As the Court has observed in a previous social security matter, "[m]erely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged <u>errors</u> on the part of the magistrate judge." *Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349 (S.D. Ohio Mar. 11, 2015) (citing *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 508–09 (6th Cir. 1991)) (emphasis added).

[3] Other courts in the Sixth Circuit have similarly interpreted *Sims*. *See, e.g.*, *Stevens v. Comm'r of Soc. Sec.*, No. 2:14-cv-2186, 2016 WL 692546, at *11 & n.6 (S.D. Ohio Feb. 22, 2016), *report and recommendation adopted*, 2016 WL 1156518 (S.D. Ohio Mar. 24, 2016).

challenge was not forfeited by her failure to raise the challenge administratively." (Doc. 19 at PageID 364). After Plaintiff filed her objections, however, the reviewing district judge sustained the Commissioner's objections in that case. *Muhammed v. Berryhill*, 381 F. Supp. 3d 462 (E.D. Pa. 2019). In so doing, the court completely undercut the position Plaintiff advocates:

> The Supreme Court's reasoning in *Sims* is less applicable to this case than the R & R presumes. The extent to which *Sims* dictates the Magistrate Judge's conclusion depends in large part on a fundamental assumption—that if a claimant was not required to raise an issue before the Appeals Council, then he must not have to raise that issue before the ALJ. *Sims*, however, specifically cautions against making just that assumption. The Court did not, though it could have, state that Social Security claimants must exhaust all issues before ALJs as well as before the Appeals Council. *Sims* expressly left open the question of issue exhaustion before ALJs, stating that '[w]hether a claimant must exhaust issues before the ALJ is not before us.' The Court could just have easily stated that its reasoning also applies to ALJs or it could have remained silent on that point. By making clear that its reasoning and holding did not necessarily pertain to issue exhaustion before the ALJs, *Sims* signaled that different concerns and analyses may apply to exhaustion requirements at the ALJ level.

*Id.* at 466–67 (citations omitted).

Plaintiff also cites two reports and recommendations issued in the Eastern District of Virginia in which the magistrate judge granted leave to amend:

> The issue of whether applicants seeking Social Security benefits waive any claim based upon the Appointments Clause by failing to raise it during the administrative process is only starting to work its way through the courts. The issue has not been addressed by the Fourth Circuit, and is far from resolved. As a result, plaintiff's proposed amended complaint plausibly alleges facts that could support a claim, and the amendment is not 'clearly insufficient or frivolous.' The Court finds that allowing the amendment would not be futile. <u>The Court will address defendant's waiver argument following full briefing by the parties</u>.

5

*Parker v. Berryhill*, No. 4:17cv143, 2018 WL 5255233, at *2 (E.D. Va. Oct. 22, 2018) (emphasis added); *Shelton v. Berryhill*, No. 2:17cv609, 2018 WL 5255231, at *2 (E.D. Va. Oct. 22, 2018) (emphasis added). Upon full briefing, however, the magistrate judge recommended to the respective district judges that the plaintiffs had indeed waived their Appointments Clause challenge by failing to raise them before the agency during the course of their administrative proceedings. Over the plaintiffs' objections, the magistrate judge's recommendations were adopted on this issue. *Diane S.P. v. Berryhill*, 379 F. Supp. 3d 498, 503–505 (E.D. Va. 2019), *appeal docketed*, No. 19-1681 (4th Cir. June 25, 2019); *Shelton v. Berryhill*, No. 2:17-CV-609, 2019 WL 1330897, at **11–12 (E.D. Va. Mar. 25, 2019), *appeal docketed*, No. 19-1715 (4th Cir. July 8, 2019).

Consistent with post-*Lucia* authority both within the Sixth Circuit and elsewhere, this Court agrees with the Magistrate Judge that Plaintiff Willis forfeited her Appointments Clause challenge by failing to raise it before the ALJ. *See, e.g., Page v. Comm'r of Soc. Sec.*, 344 F. Supp. 3d 902, 903–06 (E.D. Mich. 2018); *Flack v. Comm'r of Soc. Sec.*, No. 2:18-CV-501, 2019 WL 1236097 (S.D. Ohio Mar. 18, 2019), *appeal docketed*, No. 19-3886 (6th Cir. Sept. 19, 2019); *Faulkner v. Comm'r of Soc. Sec.*, No. 1:17-cv-01197, 2018 WL 6059403 (W.D. Tenn. Nov. 19, 2018); *Davidson v. Comm'r of Soc. Sec.*, No. 2:16-cv-102, 2018 WL 4680327 (M.D. Tenn. Sept. 28, 2018); *Salmeron v. Berryhill*, No. CV 17-3927, 2018 WL 4998107, at *3 n.5 (C.D. Cal. Oct. 15, 2018); *Stearns v. Berryhill*, No. C17-2031, 2018 WL 4380984, at **4–6 (N.D. Iowa Sept. 14, 2018); *Iwan v. Comm'r of Soc. Sec.*, No. 17-cv-97, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018), *appeal docketed*, No. 18-3452 (8th Cir. Nov. 19, 2018); *Thurman v. Comm'r of Soc. Sec.*, No. 17-CV-25, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10,

2018), *appeal docketed*, No. 18-3451 (8th Cir. Nov. 19, 2018); *Williams v. Berryhill*, No. 2:17-cv-87, 2018 WL 4677785, at **2–3 (S.D. Miss. Sept. 28, 2018); *Garrison v. Berryhill*, No. 1:17-cv-00302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018). In reaching this conclusion, the Court does not rely on "the principle that a party should not be surprised by a new issue on appeal." (Doc. 19 at PageID 365.) Rather, the Court relies on the critical difference between the plaintiff in *Lucia* and Plaintiff Willis: the former made a timely Appointments Clause challenge at the administrative level and the latter did not.

### B. Futility of Raising the Appointments Clause Challenge

The Magistrate Judge likewise rejected Plaintiff's alternative argument, made pursuant to *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 404 (1988) and *Moore v. City of East Cleveland*, 431 U.S. 494, 524 (1977), that even if exhaustion is required at the ALJ level, in this instance it would have been futile. In support, Plaintiff cites the January 30, 2018 Emergency Message issued by the Office of General Counsel to all Social Security Administration ALJs. (Doc. 17 at PageID 345–46, citing Soc. Sec. Admin., EM-18003, effective January 30, 2018, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process[4]). That message instructed ALJs—in the event a challenge was made either orally or in writing at the hearing level—to advise that they had no authority to rule on, or make findings related to, the challenge. (*Id.*). The Magistrate Judge was not convinced. Regardless of the message, Plaintiff "still could have raised Her Appointments Clause challenge before the ALJ." (Doc. 18 at PageID 359, quoting

---

[4] EM-18008 was later replaced with EM-18003 REV on June 25, 2018.

*Flack*, *supra*, 2018 WL 6011147, at *4 (S.D. Ohio Nov. 16, 2018) (Report and Recommendation)). The Magistrate Judge also referenced a Social Security regulation that provides claimants an expedited appeals process to challenge "a provision in the law that you believe is unconstitutional." (*Id.* at PageID 360, quoting 20 C.F.R. § 416.1424(d)).

Calling the Magistrate Judge's reasoning "flawed" does not make it so. Moreover, the Court is hard-pressed to understand how the Emergency Message could have had any affect regarding Plaintiff Willis's claim given the timing of events. Plaintiff's hearing occurred on September 29, 2016, the ALJ issued his unfavorable decision on February 1, 2017, and the Appeals Council denied Plaintiff's request for review on December 27, 2017. All three of these dates <u>precede</u> the initial release of the Emergency Message on January 30, 2018. And, as the Commissioner points out, a split of authorities had developed by December 27, 2016 as to whether the SEC ALJs were constitutionally appointed. *Compare Bandimere v. S.E.C.*, 844 F.3d 1168, 1179–87 (10th Cir. 2016) (appointments unconstitutional) (opinion issued 12/27/2016) *with Raymond J. Lucia Cos., Inc. v. S.E.C.*, 832 F.3d 277, 283–89 (D.C. Cir. 2016) (rejecting challenge) (opinion issued 8/9/2016). While Plaintiff's hearing already had occurred by this date, the ALJ had not yet released his written decision. If she were so inclined, then, an Appointments Clause challenge could have—and based on the consensus of district courts to date—should have been made.

### IV.   CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's December 6, 2018 Report and Recommendation

8

(Doc. 18). Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint (Doc. 13), in which she seeks to add an Appointments Clause challenge, is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court