> Granted.
> No opposition.
> *Karen L. Litkovitz*
> 7/16/2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Alicia Willis,** ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.: 1:18-cv-00158** |
| ) | |
| **Andrew Saul,** ) | **Judge Cole** |
| **Commissioner of Social Security,** ) | **Magistrate Judge Litkovitz** |
|     Defendant. ) | |
| ) | |
| ) | |

## DEFENDANT'S MOTION TO FILE A SUR-REPLY

Defendant, Andrew Saul, Commissioner of Social Security, respectfully seeks leave of the Court to file the attached sur-reply in order to address an issue raised by Plaintiff for the first time in her reply brief. A sur-reply is the only opportunity for the Commissioner to respond to this issue.

WHEREFORE, the Commissioner respectfully requests leave to file his proposed sur-reply, a copy of which is filed with this motion.

Respectfully submitted,

DAVID DEVILLERS
UNITED STATES ATTORNEY

/s/ Rachel Julis
Rachel Julis
Special Assistant United States Attorney
200 W. Adams Street, 30th Floor
Chicago, Illinois 60606
(877) 800-7578 ext. 19132 (phone)
(312) 886-1395 (fax)
rachel.julis@ssa.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Alicia Willis, | ) | |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:18-cv-00158 |
| | ) | |
| Andrew Saul, | ) | Judge Cole |
| Commissioner of Social Security, | ) | Magistrate Judge Litkovitz |
|   Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S SUR-REPLY

In her reply, Plaintiff alleges that the ALJ and Appeals Council both failed in their duty to develop the record in her case. The Commissioner addressed these concerns in his Opposition to Plaintiff's Statement of Errors, and largely rests on his opening brief. Plaintiff, however, introduces a new argument in her reply regarding why the Appeals Council failed in their duty to develop the record. This claim requires a response by the Commissioner.

Plaintiff alleges that HALLEX I-3-2-15 required the Appeals Council to obtain the additional evidence mentioned by Plaintiff in her request for review (Tr. 117). This argument is without merit. HALLEX I-3-2-15 outlines what occurs after a claimant informs the Appeals Council (AC) about additional evidence. As it explains, "if a claimant informs the AC about additional evidence, the AC will not obtain or consider additional evidence as a basis to grant review unless the claimant meets one of the good cause exceptions set for at 20 C.F.R. 404.970(b) . . . ." HALLEX I-3-2-15. The exceptions in 20 C.F.R. § 404.970(b) include:

  (1) Our action misled you;

2

> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier.

20 C.F.R. § 404.970(b). Plaintiff argues that a March 24, 2017 sent by the Appeals Council indicated that the AC had determined that Plaintiff had "good cause" for failing to submit additional evidence and, therefore, was required to obtain this evidence on her behalf. This argument completely misrepresents the meaning of the March 24, 2017 letter.

The March 24, 2017 letter was a form letter sent to multiple claimants—it was not in any way individualized to Plaintiff's claim (Tr. 8-9). This letter explained that, on May 1, 2017, the Appeals Council changed the rules it applied when considering whether to review a case (Tr. 8). One of the rule changes required that a claimant show "good cause" for why they did not inform the agency of the any additional evidence they wanted the Appeals Council to review at least five days before the date of their hearing. *Id*. The letter then explained that "[b]ecause your case was pending at the Appeals Council before our rule about when to give us evidence became effective, we will find that you showed good cause for not submitting additional evidence *earlier*." (Tr. 9) (emphasis added).

Plaintiff construes this line in the Appeals Council's letter as a blanket finding that she had universal good cause for not submitting additional evidence to the Appeals Council *at any time*. This is clearly not the intended meaning of this letter. Plaintiff did not meet one of the "good cause" exceptions in 20 C.F.R. § 404.970(b) that would require the Appeals Council to follow the procedures outlined in HALLEX I-3-2-15 and obtain and consider additional evidence. While Plaintiff claimed that her mental impairment prevented her from obtaining this evidence, which would presumably be a claim that she had "good cause" under 20 C.F.R.

3

§ 404.970(b)(2), this argument fails. As addressed more fully in the Commissioner's opening brief, Plaintiff's mental impairments were primarily related to social anxiety, and she was assessed with average intelligence and had no difficulty with comprehension during a consultative examination (Tr. 16, 37, 235-36, 238). There was nothing in the record, or in Plaintiff's own statements, to suggest that her mental impairment prevented her from submitting additional evidence.

Plaintiff's reliance on HALLEX I-3-2-15 is misplaced as the Appeals Council's letter only allowed good cause for not submitting additional evidence earlier in the administrative proceedings; not good cause for failing to submit this evidence at all. As discussed in the Commissioner's opening brief, Plaintiff had many opportunities to submit additional evidence and failed to do so without good cause. Plaintiff has also been represented for over a year and a half, yet no additional records have been proffered by her attorney. Any argument about additional records, and whether they are material, is speculative at best.

## CONCLUSION

For the foregoing reasons, the Commissioner respectfully requests that the Court affirm the Commissioner's decision.

    Respectfully submitted,

    DAVID DEVILLERS
    UNITED STATES ATTORNEY

    /s/ Rachel Julis
    Rachel Julis
    Special Assistant United States Attorney
    200 W. Adams Street, 30th Floor
    Chicago, Illinois 60606
    (877) 800-7578 ext. 19132 (phone)
    rachel.julis@ssa.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Carol L. Herdman**

/s/ Rachel Julis
Rachel Julis
Assistant Regional Counsel
200 W. Adams Street, 30th Floor
Chicago, Illinois 60606
(877) 800-7578 ext. 19132 (phone)
(312) 886-1395 (fax)
rachel.julis@ssa.gov
